UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| SHANE HARDY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) 13-CV-3046 |
| DR. CARADINE, et al., | ) ) ) |
| Defendants. | ) |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and incarcerated in Western Illinois Correctional Center, seeks leave to proceed in forma pauperis. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

Plaintiff alleges that a systemic understaffing of dentists at Western Illinois Correctional Center caused him to suffer pain and tooth decay in two teeth for over four years before the decay ultimately rendered the teeth beyond repair, requiring extraction.

Plaintiff states an Eighth Amendment claim for deliberate indifference to his serious dental needs against the dentists who

1

treated him and the administrators who were allegedly on notice that the severe understaffing prevented Plaintiff from obtaining dental treatment for a serious dental need.  See Berry v. Peterman, 604 F.3d 435 (7th Cir. 2010)(failure to treat tooth decay that caused serious pain supported claim for deliberate indifference).

IT IS THEREFORE ORDERED:

1. The merit review scheduled for March 25, 2013 is cancelled. The clerk is directed to notify Plaintiff's prison of the cancellation.

2. Plaintiff's in forma pauperis petition is granted (d/e 2). Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states an Eighth Amendment claim for deliberate indifference to his serious dental needs.  This case proceeds solely on the claims identified in this paragraph.   Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3. Plaintiff's motion for the appointment of counsel is denied (d/e 3).  The Court does not have the authority to require an attorney to accept pro bono appointment on a civil case such as this.  <u>Pruitt v. Mote</u>, 503 F.3d 647, 653 (7th Cir. 2007).  The most the Court can do is ask for volunteer counsel.  In determining whether the Court should attempt to find an attorney to voluntarily take the case, the question is "given the difficulty of the case, does the plaintiff appear competent to litigate it himself?"  <u>Pruitt v. Mote</u>, 503 F.3d 647, 654-55 (7th Cir. 2007).  Plaintiff does not state his level of education, but his Complaint adequately communicates the facts underlying his claim and demonstrates a knowledge of relevant law.  Plaintiff has personal knowledge of the pain he experienced, his efforts to obtain treatment, and Defendants' responses.  Plaintiff should also be able to obtain copies of his dental records to support his claim.  At this point, Plaintiff appears competent to proceed pro se.

4. **THE CLERK IS DIRECTED TO** send to each Defendant pursuant to this District's internal procedures: 1) a Notice of

Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) this order.

5. If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's Service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

6. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7. Defendants shall file an answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal

Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

8. Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service shall be stricken by the Court.

9. Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

10. This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on June 3, 2013 at 1:30 p.m., or as soon as

the Court can reach the case, before U. S. District Judge Sue E. Myerscough by telephone conference. The conference will be cancelled if service has been accomplished and no pending issues need discussion. Accordingly, no writ shall issue for Plaintiff's presence unless directed by the Court.

11.  Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

12.  Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

ENTERED:  March 15, 2013

FOR THE COURT:

                              **s/Sue E. Myerscough**
                              SUE E. MYERSCOUGH
                      UNITED STATES DISTRICT JUDGE